IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    CR 07-481-MA

                    Plaintiff,              OPINION AND ORDER

v.

ISAIS SUVIA-REYES,,

                    Defendant.


KARIN J. IMMERGUT
United States Attorney
KEMP L. STRICKLAND
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

        Attorneys for Plaintiff

NANCY BERGESON
Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR 97204-2123
(503)326-2123

        Attorney for Defendant

1 - OPINION AND ORDER

MARSH, Judge.

On November 27, 2007, defendant was indicted on one count of Illegal Reentry of a Previously Deported Alien in violation of 8 U.S.C. §1326(a) and (b)(1), having been found in the United States on October 21, 2007, after he had previously been deported as an alien on July 20, 2006, following a felony conviction in June 1996 for attempted reentry after deportation.

The matter is before me on Defendant's Motion to Dismiss Indictment (doc. 25) on the ground that his deportation on July 20, 2006, was based on a Removal Order issued on March 17, 2000, and Reinstatement Order issued on June 30, 2006, that did not comport with due process. Accordingly, defendant asserts the Removal Order and subsequent Reinstatement Order may not be used to criminalize his subsequent reentry into the United States.

I deny the motion for the following reasons.

Defendant does not dispute that he attempted to cross the border from Mexico into the United States on March 17, 2000, and was found to be inadmissible because he did not have a valid entry document. As a result, a Removal Order was issued without further hearing pursuant to 8 U.S.C. §1225(b)(1). On June 30, 2006, the Attorney General issued an Order reinstating the prior Removal Order pursuant to 8 U.S.C. §1231(a)(5), which defendant acknowledged without comment or contest. The Order stated that defendant illegally reentered the United States on July 6, 2000,

and concluded defendant is "a removable alien who has illegally reentered the United States after having been previously removed or deported while under an order of exclusion, deportation or removal and [is] therefore subject to removal by reinstatement of the prior order."  The proceedings for the Removal Order and the Reinstatement Order are not subject to judicial review.  8 U.S.C. § 1225(b)(1)(C) and (D); 8 U.S.C. §1231(a)(5).

Defendant also does not dispute that he was subject to the Removal Order and Reinstatement Order when he was found in the United States in October 2007.  Defendant, however, contends those Orders resulted from administrative proceedings that did not provide for judicial review and, as such, violated his due process rights.  He seeks dismissal of the indictment because the unlawful Orders cannot support the criminal element of his subsequent reentry.  See U.S. v. Mendoza-Lopez, 481 U.S. 828, 837-839 (1987)("If [Section 1326(a)] envisions that a court may impose a criminal penalty for reentry after any deportation, regardless of how violative of the rights of the alien the deportation proceeding may have been, the statute does not comport with the constitutional requirement of due process."). (Emphasis in original).

The Ninth Circuit, in explicating Mendoza-Lopez, stated:

> Depriving an alien of the right to have the
> disposition in a deportation hearing reviewed
> in a judicial forum requires, at a minimum,
> that review be made available in any

3 - OPINION AND ORDER

subsequent proceeding in which the result of
the deportation proceeding is used to
establish an element of a criminal offense.

It is important to observe that the Court did
not say that the mere lack of a direct review
would preclude later use of the results of
the administrative proceeding; it said that
the review must be made available at any
subsequent proceeding.

U.S. v. Proa-Tovar, 975 F.2d 592, 594-95 (emphasis added).  The
court, however, also stated that the defendant in a criminal
illegal reentry proceeding that relies on a prior removal to
establish the criminal element must show prejudice, i.e., that
the ability to directly review the prior removal order or
reinstatement order "would have yielded a different result."  Id.
In the case before it, the Ninth Circuit found no such prejudice
other than that the lack of a direct appeal "only resulted in
[the defendant] leaving at a somewhat earlier time."

In U.S. v. Leon-Leon, 35 F.3d 1428, 1432 (9th Cir. 1994),
the Ninth Circuit made clear that the government may use a
prior deportation order to prove the element of the crime charged
under § 1326(a) subject to the defendant proving a prejudicial
due process violation.  In that case, the court concluded the
prior deportation hearing violated the defendant's due process
right to a translation of "crucial inquiries at the deportation
hearing."  Id., 35 F.3d at 1432.  Nevertheless, the court found
defendant failed to present any evidence that he was prejudiced,

and "[t]he lack of such evidence entitles us to conclude that he would have been deported in 1988 even if the hearing had been perfectly conducted." <u>Id</u>.

The government cites the Fifth Circuit's decision in <u>U.S. v. Lopez-Vasquez</u>, 227 F.3d 476 (5th Cir. 2000) for the proposition that in expedited removal proceedings, such as those addressed here, the only process to which an alien is entitled is that afforded by Congress, which did not allow for judicial review. The government however, also contends that, even assuming the Removal and Reinstatement Orders issued in this case failed to meet due process standards, the defendant has failed to establish that he suffered any prejudice as a consequence.

The court notes that in <u>Lopez-Vasquez</u>, the Fifth Circuit addressed at length the possibility that the expedited removal procedures employed against the defendant were fundamentally unfair and concluded they were not.  The court also concluded the government followed the statutory requirements for expedited removal and, therefore, did not violate any procedural due process requirements.  On that basis, the court concluded the defendant did not suffer prejudice.

On this record, I conclude defendant has presented no factual or legal basis to support a finding that he was prejudiced as a result of his inability to obtain judicial review of the Removal Order issued in 2000 or the Reinstatement Order

issued in 2006.  As such, I conclude dismissal of the indictment alleging those Orders as a predicate to the criminal reentry charge is not warranted.  Nevertheless, I am mindful that the Ninth Circuit in <u>Leon-Leon</u> concluded the government is entitled at trial of the criminal case to present the prior Removal Order as evidence supporting an essential element of the indictment and, defendant, in turn, is entitled to present evidence that alleged defects in the conduct of the proceedings giving rise to the Removal Order and Reinstatement Order actually prejudiced him.  If the defendant makes that case, he will have "deprive[d] the government of the foundation for the illegal reentry charge, which is a sufficient vindication of the alien's right to due process."  <u>Leon-Leon</u>, 35 F.3d at 1432.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion to Dismiss Indictment (doc. 25).

IT IS SO ORDERED.

DATED this 11  day of August, 2008.


   /s/  Malcolm F. Marsh
MALCOLM F. MARSH
United States District Judge


6 - OPINION AND ORDER