FILED'08 OCT 09 13:38USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    CR 07-481-MA

              Plaintiff,              OPINION AND ORDER

v.

ISAIS SUVIA-REYES,

              Defendant.


KARIN J. IMMERGUT
United States Attorney
KEMP L. STRICKLAND
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

     Attorneys for Plaintiff

NANCY BERGESON
Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR 97204-2123
(503)326-2123

     Attorney for Defendant


1 - OPINION AND ORDER

MARSH, Judge.

The matter before the court is defendant's Motion for Reconsideration and Supplementation of the Record (doc. 33) relating to my Opinion and Order issued August 11, 2008, denying defendant's Motion to Dismiss an Indictment charging him with Illegal Reentry of a Previously Deported Alien, in violation of 8 U.S.C. §1326(a) and (b)(1).  For the following reasons, the court **GRANTS in part** and **DENIES in part** the Motion.

I denied defendant's original Motion to Dismiss after noting defendant "has presented no factual or legal basis to support a finding that he was prejudiced as a result of [a due process violation] as to the Removal Order issued in 2000 or the Reinstatement Order issued in 2006," which were the predicate Orders supporting the pending illegal reentry charge on which defendant was indicted.  *See* Opin. and Order at 5-6.  See also U.S. v. Leon-Leon, 35 F.3d 592, 1428, 1432 (9th Cir. 1994)("The lack of such evidence entitles us to conclude [defendant] would have been deported [] even if the hearing had been perfectly conducted.").  As such, I concluded that dismissal of the indictment alleging those Orders as a predicate to the criminal reentry charge was not warranted.  I also stated, however, as follows:

> I am mindful that the Ninth Circuit in
> Leon-Leon concluded the government is
> entitled at trial of the criminal case
> to present the prior Removal Order as

2 - OPINION AND ORDER

> evidence supporting an essential element of
> the indictment, and defendant, in turn, is
> entitled to present evidence that alleged
> defects in the conduct of the proceedings
> giving rise to the Removal Order and
> Reinstatement Order actually prejudiced him.
> If the defendant were to make that case, he
> would 'deprive the government of the
> foundation for the illegal reentry charge,
> which is a sufficient vindication of the
> alien's right to due process.' <u>Leon-Leon</u>, 35
> F.3d 1428, 1432 (9th Cir. 1994).

Opin. and Order at 6 (emphasis added).

In his Motion for Reconsideration, defendant submits a legal opinion by a lawyer specializing in immigration matters that defendant "could have avoided expedited removal [in 2000] if he had been permitted to withdraw his application for admission pursuant to INA section 235(a)(4)." <u>See</u> 8 U.S.C. § 1225(a)(4).

This information merely states the law as to what defendant might have done in 2000 to avoid issuance of the expedited removal order on which the pending charge is based. Defendant, however, did not ask to withdraw his "application for admission." Moreover, he has not alleged that during the expedited removal process, the government barred, inhibited, or in any way limited his ability to seek withdrawal. <u>See e.g.</u>, <u>Bejko v.Gonzales</u>, 468 F.3d 482, 487-88 (7th Cir. 2006)(The defendant did not present any evidence that the failure of the Immigration Judge in the expedited removal proceeding to advise him of his right to withdraw his application for admission into the United States

prejudiced him or "that his actions would have been different in any way."). In any event, the court also notes the decision whether to allow an alien to withdraw his application for admission under the same circumstances confronting defendant is subject to the discretion of the Attorney General, "and it is therefore not merely a unilateral decision on the part of the [defendant]." <u>Mendez-Reyes v. Attorney General</u>, 428 F.3d 187, 193 (9th Cir. 20005); 8 U.S.C. § 1225(a)(4).

Here, defendant has not stated why he did not request the Attorney General to exercise his discretion to allow him to withdraw his application for admission before he was removed in 2000, nor has he offered any plausible reason as to why the Attorney General might have considered such a request if it had been made. On this record, I conclude defendant has failed to establish any basis for dismissal of the indictment.

### CONCLUSION

For these reasons, the Court **GRANTS** that part of defendant's Motion relating to the Supplementation of Record but **DENIES** defendant's Motion for Reconsideration (doc. 33).

IT IS SO ORDERED.

DATED this 9 day of October, 2008.

_Malcolm F Marsh_
MALCOLM F. MARSH
United States District Judge